UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBORAH HUARD, et al., | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )    1:16-cv-00473-GZS |
| | ) |
| KENNEBEC COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
|     Defendants | ) |

### **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SEVER**[1]

In this action, Plaintiffs, three former employees of Kennebec County, allege they were unlawfully terminated from their employment. The matter is before the Court on Defendants' Motion to Sever. (ECF No. 19.) Through the motion, Defendants contend severance is appropriate because each Plaintiff has asserted separate claims based on distinct facts.

Following a review of the pleadings and after consideration of the parties' arguments, the Court denies the motion without prejudice.

### **THE PLAINTIFFS' CLAIMS**

Plaintiff Cheri Caudill was employed as a clerical specialist and corrections officer with the Kennebec County Sheriff's Office, Corrections Division, between March 2013 and September 2014. (First Am. Compl. ¶ 6, ECF No. 3.) Plaintiff Caudill's principal claim is

---

[1] Because relief on a motion to sever does not dispose of any party's claim, such motions are generally regarded as non-dispositive for purposes of determining a magistrate judge's authority under 28 U.S.C. § 636. *Romano v. Levitt*, No. 1:15-CV-518, 2017 WL 193502, at *4 (W.D.N.Y. Jan. 18, 2017). Indeed, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

discrimination based on her sexual orientation. (*Id.* ¶¶ 183 – 190, Count VII). Defendant Quinn, a co-worker, is alleged to have made false performance-based allegations about Plaintiff Caudill after learning of her sexual orientation.

Plaintiff Diedre DiGiacomo was employed as a corrections officer with the Kennebec County Sheriff's Office, Corrections Division, between November 2013 and May 2015. (*Id.* ¶ 4.) Plaintiff DiGiacomo asserts claims of harassment and discrimination based on gender, religion, and sexual orientation. (*Id.* ¶¶ 119 – 138, Count IV.) She maintains her complaints of harassment to two supervisors, Defendants Campbell and Cyr, were not properly addressed and resulted in retaliation. (*Id.* ¶¶ 139 – 165, Counts V and VI.)

Plaintiff Deborah Huard was employed as a corrections officer with the Kennebec County Sheriff's Office, Corrections Division, between 1989 and June 30, 2015. (*Id.* ¶ 5.) Plaintiff Huard asserts claims of disability discrimination (*id.* ¶¶ 52 – 72, Count I), retaliation for engaging in protected conduct (*id.* ¶¶ 73 – 91, Count II) and whistleblower retaliation based on reports of discrimination and also unsafe workplace conditions (*id.* ¶¶ 92 – 99, Count III).

Plaintiffs also generally allege that the Defendants who are responsible for jail administration "are in fact routinely discriminating against female Corrections Officers and lesbian Corrections Officers," and that "[t]he higher ranking officials ... responsible for the investigation and disciplinary action against offenders routinely endorse the hazing, pranking, and third party offending … by failing to investigate complaints and by blaming the victims of such harassment." (*Id.* ¶ 22.) They assert claims based on a breach of their union contract,

and a breach of contract based on a policies and procedures manual and certain administrative regulations. (*Id.* ¶¶ 229 – 265, Count XI (A), (B), (C).)

## DISCUSSION

Rule 21 authorizes courts, "on just terms," to *inter alia* sever any claims or parties misjoined in an action. Fed. R. Civ. P. 21. Misjoinder is a term of art that draws on the permissive standard for joinder of parties and causes set forth in Rule 20. *McCormick v. Festiva Dev. Grp., LLC*, 269 F.R.D. 59, 60 (D. Me. 2010) (citing *Beaulieu v. Concord Group Ins. Co.,* 208 F.R.D. 478, 479 (D.N.H. 2002)).

Rule 20 permits two or more plaintiffs to join their causes together in one action where (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Similarly, plaintiffs are permitted to join multiple defendants in one action where (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b)(2).

"When appropriate, the joinder rules result in beneficial economies of scale and judicial efficiency by resolving related issues in a single lawsuit." *Beaulieu,* 208 F.R.D. at 479. "Therefore, the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." *Id.* "However, the determination of whether parties have been misjoined lies within the sound discretion of

the district court." *Id.* Even where the permissive standard for joinder is met, the court may nevertheless exercise its discretion to sever claims or parties where doing so will avoid delay, confusion of the jury, or other prejudice to a party. *McCormick*, 269 F.R.D. at 61.

In addition to authorizing the severance of misjoined claims, Rule 20 provides ample discretion to impose "protective measures" designed "to protect a party against embarrassment, delay, expense, or other prejudice that arises" as a consequence of joinder. Fed. R. Civ. P. 20(b). Remediation of harm resulting from joinder does not require a motion, as the court may *sua sponte* address such matters at any time during the proceedings. Fed. R. Civ. P. 21. For this reason, motions to sever are often dismissed without prejudice to a defendant's ability to reassert the issue, or the court's ability to revisit the matter *sua sponte*, at a later date based on changed circumstances. *See*, *e.g.*, *Kozak v. Medicredit, Inc.*, __ F.R.D. __, __, No. 8:16-CV-1304, 2016 WL 4527511, at *3 (M.D. Fla. Aug. 30, 2016); *Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 701 (E.D. Pa. 2012).

Defendants argue the plaintiffs' claims should be severed because each Plaintiff complains of workplace discrimination based on separate incidents that occurred at different times and did not involve the same Kennebec County employees. Defendants' argument is not without merit. Although Plaintiffs have asserted several common claims based at least in part on general allegations, the principal claims asserted by each plaintiff do not appear to arise out of the "same transaction, occurrence, or series of transactions or occurrences" as contemplated by Rule 20. Furthermore, given the different legal theories among the plaintiffs, the claims will present different legal issues. Based on the allegations in the complaint,

therefore, a single trial would appear to risk jury confusion and potential prejudice to certain defendants.

Given that counsel for Plaintiffs and Defendants will evidently be identical in each case, however, a final determination on the severance issue is not required at this time. In fact, certain efficiencies could be realized if the claims remained consolidated at least for discovery. That is, discovery on some issues (e.g., alleged violation of certain policies and procedures) would likely be relevant on each claim, and consolidated discovery would avoid duplication. Accordingly, because the Court can discern no prejudice to Defendants if the claims remained consolidated for discovery, the Court will deny the motion to sever at this stage of the proceedings. Upon completion of discovery, or sooner if Defendants determine they are prejudiced by the consolidated discovery, Defendants can renew their motion to sever.[2]

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Defendants' Motion to Sever. (ECF No. 19.)

## NOTICE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of February, 2017.

---

[2] The discussion herein shall not be construed as a determination that there are no circumstances under which the claims could remain joined for trial. If the motion is renewed, the Court will assess the merits of the parties' arguments based on the record at that time.